IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SYLVESTER LEWIS BROWN

vs.                                              3:09cv88/WS/MD

B.A. KENT, ET AL.

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant Scarborough's motion to dismiss for failure to disclose prior federal cases and plaintiff's response thereto. (Doc. 34 & 37). Defendant Kent adopted his co-defendant's motion after he was served (doc. 41) and plaintiff filed a response (doc. 42). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the motion should be denied.

## BACKGROUND and ANALYSIS

Plaintiff filed this case on March 6, 2009[1] (doc. 1). After leave to proceed *in forma pauperis* was granted and plaintiff paid his initial partial filing fee (doc. 6 & 7), this court entered a recommendation that this case be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process due to his failure to truthfully

---

[1] For ease of reference the court will use the court's docketing dates rather than the date of filing in accordance with the prison mailbox rule.

and completely disclose prior litigation.[2] (Doc. 8). Such recommendations are not unusual, because as noted in the report and recommendation, the importance of candor is paramount; information regarding prior lawsuits may affect the court's jurisdiction, and the time spent by the court verifying a plaintiff's litigation history including the reason prior cases were dismissed can be considerable. (Doc. 8 at 3). The plaintiff objected, asserting that he had no recollection of the prior cases, and noting that he had not disclosed them in other federal or state cases filed previous to the one at bar. (Doc. 9 at 2). The district court found plaintiff's failure to list the two prior cases had been a consistent omission in other case filings, suggesting a lack of malicious intent, and that therefore dismissal was not warranted. (Doc. 11).

The case was remanded to the undersigned, and after two amendments, plaintiff was directed to submit service copies of the complaint for service on the defendants. (Doc. 15, 16, 17, 21, 22). Both defendants were served (doc. 27, 29, & 38), and defendant Scarborough filed a motion to dismiss for failure to disclose prior federal cases (doc. 34) which was adopted by Kent (doc. 41) and is at issue here.

In their motion, defendants note the procedural history outlined above and then argue that dismissal with prejudice is warranted due to plaintiff's failure to disclose the following four other federal cases filed in the Middle District of Florida that were not identified in plaintiff's Second Amended Complaint:

1. Case 3:2005cv1016–*Petition for Writ of Habeas Corpus Ad Testificandum seeking injunctive relief relevant to medical issues*
2. Case 1:2005cv20953–*Successive petition for writ of habeas corpus challenging his life sentence*
3. Case 0:2005cv60113–*Petition for Writ of Habeas corpus challenging an expired conviction for second degree murder.*
4. Case 0:1998cv06225–*Petition for Writ of Habeas Corpus challenging his sentences and convictions for armed robbery and aggravated battery.*

---

[2]Plaintiff failed to disclose two cases that were filed in the Southern District of Florida, including one that was dismissed prior to service for failing to state a claim upon which relief can be granted.

*Case No: 3:99cv88/WS/MD*

Defendants argue that plaintiff's "cavalier attitude towards federal litigation must not be ignored" and that his misrepresentations about previous lawsuits may be sanctionable.

In his response, plaintiff assails the defendants' motives for filing their motion and notes that this court did not focus on these omissions in previous versions of his complaint and in fact allowed the second amended complaint to be served.  He does not deny that he was the petitioner in the four identified cases or explain the reason for his failure to identify them, although they clearly fall within the parameters of cases required to be disclosed in section IV.C. of the complaint form.  For instance, plaintiff does not attempt to argue, as he previously did with respect to the undisclosed § 1983 cases, that the aforementioned cases were omitted by virtue of an "honest mistake" or without intent to undermine the integrity of the court.

Nonetheless, this court does not find that plaintiff's failure to disclose the four habeas cases warrants dismissal of his second amended complaint, particularly the dismissal with prejudice sought by the defendants.  Their motion should therefore be denied.  However, as previously noted by the district court, some sanction may be appropriate for plaintiff's failure to provide full and complete information about his prior litigation.  (Doc. 11).  Therefore, the plaintiff should be required to submit a copy of his prison trust account statement for the time period of November 2009 through the present.  Upon receipt of the trust account statement the court will assess the propriety of a monetary sanction.

Based on the foregoing, it is respectfully RECOMMENDED that:

The motion to dismiss for failure to disclose prior federal cases filed by defendant Scarborough, as adopted by defendant Kent (doc. 34 & 41) be DENIED.

The plaintiff be required to submit a copy of his inmate trust account from November 2009 through the present so the court can assess the propriety of a  monetary sanction.

*Case No: 3:99cv88/WS/MD*

At Pensacola, Florida, this 14th day of May, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).